1          HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9                             AT TACOMA

10  ANGEL ALONSO COVARRUBIAS, an
    individual,
11                                              Case No.  C05-5196 RBL
                            Plaintiff,
12
                    v.
13
                                                ORDER GRANTING LEAVE TO
    BRINK'S, INCORPORATED, a foreign            AMEND AND REMANDING TO STATE
14  corporation; BRINK'S INC. BRANCH            COURT
    #0128, a licensed armored security service of
15  foreign corporation Brink's Incorporated;
    PITTSON COMPANY, a foreign
16  corporation; and TY BRYNE and "JANE
    DOE" BRYNE, and the marital community
17  comprised thereof

18                          Defendants.

19

20

21          This matter is before the Court on the plaintiff's Motion to Amend his Complaint [Dkt. # 49], and

22  upon its own Motion.  This employment discrimination case was originally filed in state court, and the

23  defendants removed it to this court, based on the plaintiff's §1983 claims.  The court granted defendants'

24  Motion for Summary Judgment on plaintiff's §1983 claims and those claims were dismissed  [Dkt. #40].

25          In plaintiff's original Complaint, he alleged that he had been "shorted" hours throughout his

26  tenure at Brink's, and in Paragraph 3.11 asserted that he had been underpaid by at least $526.71 since

27

28

March 2001.   In paragraph 5.1, he asserted a claim under RCW 49.48.010 to recover damages based on the $526.71 wage loss.

Shortly before the scheduled February 26, 2007, trial date, the defendant sought and was granted permission to file a supplemental Motion for Summary Judgment after the noting date for dispositive motions.  [Dkt. #s 46, 47].  It argued it had until recently believed that the amount at stake on the remaining RCW 49.48.010 claim was relatively insignificant, as that statute authorizes only claims arising out of a wage earner's final paycheck.  Defendant claims that there were no improprieties with plaintiff's final paycheck, and its Motion seeks dismissal of plaintiff's RCW 49.48.010 claims.

The plaintiff does not concede that his remaining state law "breach of contract" claim relates only to any discrepancies in his final paycheck, and argues that his citation to RCW 49.48.010 was a "scrivener's error."  He seeks Leave to Amend his complaint to assert a claim for the "shorted hours" under RCW 49.52.070, which is not limited to disputes arising from deduction from a worker's final paycheck.  It appears from his proposed amended complaint that the basic monetary amount in dispute, $526.71, remains the same.  The defendant, however, asserts that the plaintiff is now claiming damages in excess of $12,000.

Plaintiff argues that Brink's will not be prejudiced by the amendment of his complaint, as he has alleged, argued and shown that he was "shorted" hours over the course of his employment throughout this case.  He claims that the Rule 15 amendment to reflect the correct statutory cite will not change the issues or the proof in the case, though he implicitly concedes it will increase the amount in controversy.

Defendant opposes plaintiff's effort to amend his complaint. It argues that there is no evidence that plaintiff's "error" was a typographical one.   It argues that it will be prejudiced by the plaintiff's late attempt to correct his complaint, and that the plaintiff's attempt to blame Brink's for his delay in amending must fail.  Brink's argues that it is far too late in the game for plaintiff to revise his complaint to assert a

$12,000 claim instead of a $500 claim.  The defendant, like the court, wrongly assumed that the remaining wage issue could be quickly resolved.

It is apparent to the court that the plaintiff's claim of "shorted hours" has been in this case since the beginning.   It is also clear that the plaintiff cited the wrong statute in his complaint, not because of a typographical error, but because of a mistake about which statute allowed him to seek redress for the wages he felt he had not been paid.  Rule 15's standard for permitting amendment is a liberal one, and where, as here, the factual bases for a given claim are not new, justice strongly favors the resolution of that claim on the merits.

It is also apparent to the court, as it must be to the parties, that there is no reason for the resolution of plaintiff's $500 or $12,000 state law wage claim to occur in this court.  The claims now being asserted are only distantly related to the since-dismissed discrimination claims which originally gave this court jurisdiction over this case.

For these reasons, the plaintiff's Motion to Amend is GRANTED.  However, this Court DECLINES to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. §1367(c)(3).  The case is therefore REMANDED to state court for adjudication there.

Dated this 13th day of February, 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 3